IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK YOUNG and | : | |
| LYNN ANN YOUNG | : | 4:06-CV-2325 |
| | : | |
| Plaintiff, | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM WESTFALL, et al. | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**March 1, 2007**

**BACKGROUND:**

On December 3, 2006, plaintiffs filed their complaint against defendants claiming compensatory and punitive damages arising from a vehicular accident. On January 17, 2007, defendants William Westfall and Pride Transportation Inc. ("PTI") filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss requesting the court to dismiss plaintiffs' claim for punitive damages. The motion is now fully briefed and ripe for our decision.[1]  For the following reasons, we will

---

[1] We remind all counsel that future filings should adhere to our local rules, which require all filings to include a typeface no smaller than 14 point word processing font.  See L.R. 5.1(c).

deny defendants' motion.

**DISCUSSION:**

### I.  Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  Kost, 1 F.3d at 183.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."  Neitzke v. Williams, 490

U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."  Id. at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  Id. at 327.

## II.  Statement of Relevant Allegations

The following is inferred from plaintiffs' complaint.  On January 28, 2005, plaintiff Mark Young was involved in a vehicular accident with defendant William Westfall on state road 64 in Pennsylvania.  Young was traveling southbound on state road 64 when Westfall, who was driving a tractor trailer eastbound on 173 exit ramp from I-80, failed to stop for a stop sign at the bottom of the ramp and as a result caused a collision with Young.

Plaintiffs allege Westfall was negligent, careless, and reckless in several respects, including in his operation of the tractor-trailer.  Plaintiffs also allege that defendants Pride transportation Inc. ("PTI") and C.R. England were negligent, careless, and reckless in several respects, including in entrusting the tractor-trailer to Westfall, in failing to properly train him, and in supervising him.  Plaintiffs allege the actions of all defendants "constitute a callous and reckless disregard for the health and safety" of plaintiff Young, and that defendants "knew of, or had

reason to know of, the high degree of risk of physical harm to which their actions exposed motorists in general and plaintiff, Mark Young, in particular." (Complaint, Rec. Doc. No. 1, at ¶¶ 29, 30). Plaintiffs allege defendants "were guilty of outrageous conduct" justifying a claim for punitive damages. Id. at ¶ 31.

### III. Defendants Westfall and PTI's Motion to Dismiss Punitive Damages Claim

Defendants Westfall and PTI argue that plaintiffs' punitive damages claim should be dismissed because plaintiffs merely pled facts supporting "garden variety negligence," and that claims of mere negligence and nothing more do not warrant punitive damages under Pennsylvania law.[2] In response, plaintiffs argue that they did allege facts sufficient to support their claim for punitive damages. In addition, plaintiffs cite to several district court cases in this Circuit that have held in similar circumstances that it was premature to dismiss claims for punitive damages at the pleading stage.

We agree with plaintiffs that they have pled sufficient facts to support their claim for punitive damages. Under the applicable Pennsylvania law, punitive damages are proper "only in cases where the defendant's actions are so outrageous

---

[2] Our jurisdiction is based on diversity of citizenship. See 28 U.S.C. § 1332. Under the facts in this case, Pennsylvania substantive law applies. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000).

4

as to demonstrate willful, wanton or reckless conduct." Hutchison v. Luddy, 582 Pa. 114, 121 (2005). Although ordinary negligence will not support an award of punitive damages, "punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured." Id. at 120 (citing Restatement (Second) of Torts § 908 (1979)). "The state of mind of the actor is vital." Hutchison, 582 Pa. at 122 (internal citations omitted).

   Here, plaintiffs have pled that defendants acted in a reckless manner, that their actions were outrageous, and that they acted despite knowing such actions created a high risk of physical harm. These allegations, if proven, may support a claim for punitive damages, even though plaintiffs' complaint sounds in negligence. Indeed, as Hutchison establishes, claims sounding in negligence can qualify for punitive damages if the conduct engaged in is outrageous enough. Although the facts may later prove at most that defendants were merely negligent, discovery is necessary to help make this determination. Dismissing plaintiffs' punitive damages claim now at the pleading stage would be premature.

   Several district courts in this Circuit have made the same determination. See Holbrook v. Woodham, 2006 U.S. Dist. LEXIS 68707 at *19-24 (W.D. Pa. Sept.

25, 2006) (denying motion to dismiss punitive damages alleged in negligence claim involving a vehicular accident); Farrell v. County of Montgomery, 2006 U.S. Dist. LEXIS 2122 at *7 (E.D. Pa. Jan. 18, 2006) (denying motion to dismiss punitive damages alleged in action involving wrongful death of a prisoner).  One court denied a similar motion to dismiss even though "plaintiff may not have alleged in their complaint facts in support of their claim for punitive damages." Morse v. Lower Merion Sch. Dist., 1996 U.S. Dist. LEXIS 13811, at *4 (E.D. Pa. Sept. 16, 1996).  Instead, the court found discovery was necessary to determine the validity of plaintiff's punitive damages claim.  Id.  And in a matter with allegations similar to this case, a court in this district denied a request to dismiss a punitive damages claim in a matter involving a tractor-trailer accident, finding that the plaintiff pled allegations sufficient enough to require discovery.  Ferranti v. Martin, 2007 U.S. Dist. LEXIS 3981, at *2 (M.D. Pa. Jan. 19, 2007).

     Noticeably, defendants have failed to cite to one decision that supports their argument that a punitive damages claim can be dismissed at the pleadings stage merely because the plaintiff asserts a "garden variety negligence" claim.  Instead, defendants cite to two cases whereby a punitive damages claim was dismissed at the pleadings stage, but for reasons not relevant to this matter.  In Mancini v. Yavorek, 61 Pa. D. & C. 4th 1 (2003), the court struck a punitive damages claim in

part because the plaintiff failed to allege the defendant doctor knew his negligent actions would increase the risk of harm to the plaintiff. Id. at 11. In contrast, the plaintiffs in this case specifically pled that the defendants knew, or should have known, that their actions would result in an increase in physical harm. And in Mazzulla v. Monarch Life Ins. Co., 487 F. Supp. 1299 (E.D. Pa. 1980), the court dismissed a punitive damages claim because the plaintiff failed to plead allegations supporting the underlying claims. Id. at 1300-03. In contrast, there is no claim here that plaintiffs failed to adequately plead allegations supporting their underlying claim of negligence.

Indeed, as the case law establishes, the clear trend in this Circuit is to permit adequately pled claims of punitive damages based on negligence to proceed to discovery. Because we find plaintiffs adequately pled a claim for punitive damages in this case, we will deny defendants' motion to dismiss.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

Defendants William Westfall and Pride Transportation Inc.'s Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Plaintiffs' Complaint is denied. (Rec. Doc. No. 2).

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge